

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THOMAS ANDREW WAGER | \* | CIV. 09-3015 |
| | \* | |
| Plaintiff, | \* | |
| | \* | OPINION AND ORDER |
| -vs- | \* | |
| | \* | |
| FREHNER CONSTRUCTION CO., INC., | \* | |
| a Nevada Corporation, CMI TEREX | \* | |
| CORPORATION, an Oklahoma Corporation, | \* | |
| and BITUMINOUS PAVING, INC., a | \* | |
| Minnesota Corporation, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff instituted this action alleging strict liability, negligence, breach of warranties, and tort damages arising out of injuries received while operating equipment allegedly owned, manufactured, or altered by defendants. The matter is now proceeding on a second amended complaint. The above caption reflects the remaining defendants after various dismissals.

## BACKGROUND

Plaintiff Thomas Andrew Wager ("Wager") was a citizen of and a person residing in South Dakota at all times material to this proceeding. On August 16, 2006, plaintiff was employed as a member of a road construction crew by Upper Plains Contracting, Inc. ("UPCI"), a South Dakota corporation with its place of business in Aberdeen, South Dakota. Plaintiff, along with another UPCI employee, were cleaning accumulated asphalt from a paver and adjoining windrow elevator, otherwise known as an asphalt combine. Wager alleges he was severely injured, resulting in quadriplegia, when he was cleaning the windrow elevator. He claims the equipment involved in the incident resulting in his injuries was manufactured by CMI Terex Corporation ("CMI") with a manual transmission, converted by Reno Hydraulic & Rebuild, Inc., ("Reno") at the direction of Frehner Construction Company, Inc. ("Frehner") to a hydrostatic transmission, is now owned by Bituminous Paving, Inc. ("Bitumious"), and leased to UPCI.

This windrow elevator, while leased to UPCI, was owned by Bituminous, a corporation organized under Minnesota law with its principal business in Ortonville, Minnesota. The windrow elevator was previously owned by Frehner. Frehner is a corporation organized under Nevada law with its principal place of business in North Las Vegas, Nevada, and it specializes in paving, grading, and bridge work. Plaintiff contends that, while Frehner possessed the windrow elevator, it ordered the modification of the machine from a manual transmission to a hydrostatic drive system. This modification was performed by Reno. Plaintiff links this modification as contributing to plaintiff's injuries.

Frehner consigned the windrow elevator for sale to Richie Bros. Auctioneers ("Ritchie Bros."). Bituminous acquired the windrow elevator at an auction conducted in Las Vegas on or around March 2, 2000.

Defendant Frehner filed a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Frehner averred that it does not design, manufacture, distribute, sell or provide any product for use in the state of South Dakota. Frehner further stated that it has no activities, operations, or advertising in South Dakota. While plaintiff concedes the latter point, in his second amended complaint, plaintiff contends that Frehner was engaged in "designing, manufacturing, compounding, distributing, selling, or otherwise providing the windrow elevator" involved in the accident. Plaintiff contends that Frehner knowingly chose Ritchie Bros. as the auctioneer because of its international presence. As further proof of this, plaintiff cites Frehner's past consignments to Ritchie Bros. and other auctioneers, and lists the locations of the purchasers of these products–Mexico, Canada and at least ten U.S. States. Plaintiff has evidence indicating that two pieces of Frehner machinery consigned to another auction company and auctioned off simultaneously were delivered to South Dakota.

Reno was dismissed from this action upon its motion, without objection by the plaintiff, for lack of jurisdiction after the filing of the second amended complaint.

Defendant CMI filed a motion to dismiss for failure to join indispensable parties, Frehner, in the case this court rules it has no personal jurisdiction over Frehner, and Reno, or in the alternative seeks to transfer to the District of Nevada where, CMI contends, the district court would have jurisdiction over Frehner and Reno.

Frehner, as set forth previously, had filed a motion to dismiss for lack of jurisdiction but that motion was denied pending direction by the United States Supreme Court in two matters that may further clarify the extent of long-arm jurisdiction in this matter, J. McIntyre Machinery v. Nicastro, Supreme Court Docket 09-1343 (cert. granted September 28, 2010), and Goodyear Luxembourg Tires v. Brown, Supreme Court Docket 10-76 (cert. granted September 28, 2010). Those matters were argued January 11, 2011. No opinion has issued.

Plaintiff instituted a protective suit in the District of Nevada, 2:10-cv-01320-PMP-PAL, against Frehner and Reno on August 5, 2010, to comply with the statute of limitations in that jurisdiction.

## DECISION

### I. JOINDER,

Fed. R. Civ. P. 19(a) requires joinder of those persons subject to the court's jurisdiction if:

> (A) in that person's absence complete relief cannot be accorded among those already parties, or
> (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> > (i) as a practical matter impair or impede the person's ability to protect that interest or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The inquiry under Rule 19(a) is whether the absent party "must be joined if joinder would not deprive the court of jurisdiction," and is therefore a "necessary party. Baker Group, L.C. v. Burlington Northern and Santa Fe Railway Co., 451 F.3d 484, 490 (8th Cir. 2006).

If the absent party is determined to be necessary under Rule 19(a) but cannot be joined, Rule 19(b) requires the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," the absent person being thus regarded as indispensable. See the Notes to the 1966 Amendment to Rule 19. See also, Porvident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 n. 15, 88 S.Ct. 733, 743 n. 15, 19 L.Ed.2d 936 (1968) (noting that the former Rule 19(b)'s use of the word indispensable was used only in the conclusory sense in that a person is regarded as indispensable when he

cannot be made a party and, upon consideration of the Rule 19(b) factors, it is determined that dismissal of the action is preferable).

The factors to be considered by the court in determining whether to proceed without the party or dismiss the action include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

CMI contends that this court has no jurisdiction over Frehner or Reno, that they are necessary parties under Rule 19(a), that they are indispensable parties under Rule 19(b), and that the action against CMI should therefore be dismissed. As set forth previously, Reno was previously dismissed for lack of jurisdiction without objection from the plaintiff. Frehner's motion to dismiss was denied, although not on the merits, and Frehner is still a party to this action. Reno is the only party the court has dismissed for lack of jurisdiction that is alleged to be indispensable.

CMI asserts that Frehner and Reno, as the parties alleged to be responsible for modifications to the windrow elevator that were a "major factor in plaintiff's injury," are active participants in the alleged tort and are therefore indispensable parties. The parties have cited extensive case law in support of or in opposition to the contention that Frehner and Reno, as alleged joint tort-feasors (and perhaps primary tort-feasors) are necessary parties under Rule 19(a). It is not necessary to disposition of the motion to determine that issue because even if they are necessary parties, and the District of South Dakota has no personal jurisdiction to join (or keep) them in this action, dismissal of this action under Rule 19(b) is not in the interests of

justice. Rule 19 was not designed to deprive a plaintiff of a cause of action against an alleged tortfeasor.

If this court does not have jurisdiction over Frehner and Reno (and apparently the parties do not dispute that there is no personal jurisdiction over Reno), they could not be joined (or retained) as defendants in this action. Whether or not they are necessary parties under Rule 19(a), dismissal is not appropriate under Rule 19(b).

## II. TRANSFER.

CMI asserts that, as an alternative, this matter should be transferred to the District of Nevada, where jurisdiction exists over both Frehner and Reno, pursuant to 28 U.S.C. § 1404(a). Pursuant to § 1404(a), this court may transfer this action to any other district where it might have been brought, when to do so is "in the interests of justice."

Let me point out that, pursuant to 28 U.S.C. § 1391(a), "venue" is proper in the District of South Dakota because that is where the plaintiff was injured. Venue would also be appropriate in the District of Nevada, since that is where two of the alleged tortfeasors reside. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as would Nevada. The problem is that the defendants contend that no jurisdiction has personal jurisdiction over all defendants. Frehner has alleged in its motion to dismiss that the District of South Dakota has no personal jurisdiction over it, a contention which has not yet been addressed on the merits. Reno contended that the District of South Dakota had no personal jurisdiction over it and the case in this district was dismissed as to Reno. CMI does not contest jurisdiction in South Dakota nor does it admit it is subject to jurisdiction in Nevada. Instead, CMI merely argues in its brief that, as an alternative to dismissal, the matter should be transferred "to a court in which all parties could be present." Bituminous does not object to the motion to dismiss for failure to join indispensable parties but resists the motion to transfer. Bituminous does not admit that it is subjection to personal jurisdiction in Nevada. Plaintiff states in his brief that there is no one jurisdiction where all defendants are subject to personal jurisdiction. Plaintiff resists both dismissal and transfer.

28 U.S.C. § 1406(a) authorizes the district courts to dismiss or transfer a case filed in the wrong venue. The United States Supreme Court has held that the district court has the authority to transfer a case under § 1406(a) even where the court has no personal jurisdiction over one or

5

more defendants. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66, 82. S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). Section 1406(a) was intended to remedy the situation here where dismissal may result "in plaintiff's losing a substantial part of [his] cause of action . . . merely because [he] made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact . . . business' in the" district. Id. at 466, 82 S.Ct. at 915. The Supreme Court held that § 1406(a)'s purpose was "to provide as effective a remedy as possible to avoid precisely this sort of injustice." Id. at 466, 82 S.Ct. at 916.

The Supreme Court has compared the transfer provisions of § 1404(a) and § 1406(a):

> [T]he transfer provisions of § 1404(a) may be compared with those of § 1406(a). Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege. This distinction underlines the fact that Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one.

Van Dusen v. Barrack, 376 U.S. 612, 634, 84 S.Ct. 805, 818, 11 L.Ed.2d 945 (1964) (discussing the choice of law issues inherent with transfers under §§ 1404(a) and 1406(a))

Venue is proper in this district. Thus, § 1406(a) is not necessarily implicated. The forum issue in this case is not one of convenience but one of personal jurisdiction. Thus, § 1404(a) is not necessarily implicated. I have already stated that dismissal is not in the interests of justice. Even if transfer to another district were authorized, to do so would not be in the interests of justice absent both CMI and Bituminous agreeing to waive claims of lack of personal jurisdiction in Nevada. Plaintiff is entitled to a forum in which to litigate his claims against CMI and Bituminous.

CMI's motions to dismiss or transfer should be denied without prejudice to reconsider if both CMI and Bituminous both request transfer to the District of Nevada and agree to waive any personal jurisdiction defenses.

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant CMI's motions, Doc. 126, to dismiss or to transfer venue are denied.

Dated this 15th day of March, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY Barbara J. Poepke
DEPUTY
(SEAL)